PETITION UNDER 28 U.S.C. 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

United States District Court     District: **EASTERN**

Name (under which you were convicted): Kevin R. Lewis
Docket or Case No: **271227**

Place of Confinement:     Prisoner No.: **466949**
**WHITEVILLE CORRECTIONAL FACILITY**

Petitioner (include the name under which you were convicted)    Respondent (authorized person having custody of petitioner)

**KEVIN R. LEWIS**    v.    **TAMMY FORD, Warden**

The Attorney General of the State of **TENNESSEE**

## PETITION

1. (a) Name and location of court which entered the judgment of conviction you are challenging: **Hamilton County, Criminal Court at Chattanooga Tennessee**

   (b) Criminal docket or case number (if you know): **271227**

2. (a) Date of judgment of conviction (if you know): **UNKNOWN**

   (b) Date of sentencing: **May 10, 2010**

3. Length of sentence: **12 YEARS**

4. In this case, were you convicted on more than one count or of more than one
   crime? Yes [X] No [ ]

5. Identify all crimes of which you were convicted and sentenced in this case: **Aggravated Kidnapping, Aggravated Sexual Battery, Aggravated Assault**

6. (a) What was your plea? (Check one)
   (1) Not guilty [X]    (3) Nolo contendere (no contest) [ ]
   (2) Guilty [ ]    (4) Insanity plea [ ]

(b) If you entered a guilty plea to one count or charge and a not guilty
    plea to another count or charge, what did you plead not guilty to?
    _____N/A_____
    _____

(c) If you went to trial, what kind of trial did you have? (Check one)
    Jury [X]        Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
        Yes [ ]     No [X]

8. Did you appeal from the judgment of conviction?
        Yes [X]     No [ ]

9. If you did appeal, answer the following:

    (a) Name of court: **Court of Criminal Appeals at Knoxville**

    (b) Docket or case number (if you know): _____**UNKNOWN**_____

    (c) Result: _____**Denied**_____

    (d) Date of result (if you know): _____**JULY 29, 2011**_____

    (e) Citation to the case (if you know): _____**UNKNOWN**_____

    (f) Grounds raised: **Defendant was entitled to unspecified relief based upon the States display of his booking photo to the jury during closing argument**

    (g) Did you seek further review by a higher state court?  Yes [X]  No [ ]

        If yes, answer the following:

        (1) Name of court: **Tennessee Supreme Court at Chattanooga**
        (2) Docket or case number (if you know): **E-2010-01267-SC-R11-CD**
        (3) Result: **DISMISSED THE APPLICATION AS UNTIMELY**
        (4) Date of result (if you know): **October 27, 2011**
        (5) Citation to the case (if you know): **UNKNOWN**
        (6) Grounds raised: **Defendant was entitled to unspecified relief based upon the States display of his booking photo to the jury during closing argument**

    (h) Did you file a petition for certiorari in the United States Supreme
        Court? Yes [ ]  No [X]

        If yes, answer the following:

        (1) Docket or case number (if you know): __UNKNOWN__
        (2) Result: __N/A__
        (3) Date of result (if you know): __N/A__

        (4) Citation to the case (if you know): __N/A__

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? Yes [X] No [ ]

11. If your answer to Question 10 was "Yes," give the following information:
    (a)(1) Name of court: __Criminal Court of Hamilton County at Chattanooga__
        (2) Docket or case number (if you know): __284665__
        (3) Date of filing (if you know): __JULY 30, 2012__
        (4) Nature of proceeding: __POST-CONVICTION__
        (5) Grounds raised: __1. That Officer Romero's trial testimony about the essential elements of the offense was false. 2. That his confession was coerced. 3. That the victim gave different accounts of events, one to the police, one at the first preliminary, one at the second preliminary examination, one at trial. 4. That the state did not record or preserve the first preliminary examination, thereby depriving him of one of the victim's three prior inconsistent statements and withholding favorable evidence.__
        __(CONTINUED)(SEE ATTACHMENT C, Pages 2-4)__

        (6) Did you receive a hearing where evidence was given on your petition,
        application, or motion? Yes [X] No [ ]

        (7) Result: __Granted a delayed Appeal via Order entered on October 31, 2013. All Post-Conviction proceedings were stayed at this time. On October 10, 2014 the trial court entered an order addressing Petitioner's remaining Post-Conviction issues. The court vacated and dismissed Petitioner's conviction and sentence for Aggravated Kidnapping and denied all other Post-Conviction relief__
        (8) Date of result (if you know): __September 3, 2015__
    (b) If you filed any second petition, application or motion give the same information:
        (1) Name of court: __N/A__
        (2) Docket or case number (if you know): __N/A__
        (3) Date of filing (if you know): __N/A__

(4) Nature of proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?  Yes [ ]  No [X]
(7) Result: N/A
(8) Date of result (if you know): N/A

(c) If you filed any third petition, application, or motion, give the same information:
(1) Name of court: N/A
(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A
(4) Nature of proceeding: N/A
(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition,
  application, or motion?  Yes [ ]  No [X]

(7) Result: N/A

(8) Date of result (if you know): N/A

(d) Did you appeal to the highest state court having jurisdiction over the
  action taken on your petition, application, or motion?

(1) First petition:   Yes [X]  No [ ]
(2) Second petition:  Yes [ ]  No [X]
(3) Third petition:   Yes [ ]  No [X]

(e) If you did not appeal to the highest state court having jurisdiction,
  explain why you did not:
  N/A

12. For this petition, state every ground on which you claim that you are being
  held in violation of the Constitution, laws, or treaties of the United
  States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.
  CAUTION: To proceed in the federal court, you must ordinarily first exhaust
  (use up) your available state-court remedies on each ground on

which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: <u>Reversable error occurred when the state displayed Petitioner's booking photo to the jurors during its closing arguments</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>During closing arguments the state used notes which displayed a mugshot profile of the defendant on the back of it to the jury while speaking to them. (Trial Tr. Vol 2 pg. 169, 170)</u>

(b) If you did not exhaust your state remedies on Ground One, explain why: **N/A**

(c) Direct Appeal of Ground One:

    (1) If you appealed from the judgment of conviction, did you raise this
        issue? Yes [X] No [ ]

    (2) If you did not raise this issue in your direct appeal, explain why: **N/A**

(d) Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition
        for habeas corpus in a state trial court? Yes [X] No [ ]

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: **Post-Conviction**

    Name and location of the court where the motion or petition was filed:
        **Criminal Court of Hamilton County**

    Docket or case number (if you know): **284665**

Date of the court's decision: __JULY 11, 2013__

Result (attach a copy of the court's opinion or order, if available): __Denied__

(3) Did you receive a hearing on your motion or petition?
Yes [X] No [ ]

(4) Did you appeal from the denial of your motion or petition?
Yes [ ] No [X]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes [ ] No [X]

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __N/A__

Docket or case number (if you know): __N/A__

Date of the court's decision: __N/A__

Result (attach a copy of the court's opinion or order, if available): __N/A__

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: __Issue was raised on the appeal made from the Direct Appeal__

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: __N/A__

GROUND TWO: <u>Trial Counsel was ineffective for failing to argue to the jury that the State did not prove the element of "sexual contact" accompanying his conviction for aggravated sexual battery.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>On February 2 and 3, 2010 during trial, Angela Golden gave her account of events which occurred in the present case. She stated that on November 29, 2008, she was at a birthday party with friends, where she was introduced to the defendant Kevin Lewis and they talked and danced (Trial Tr. Vol. 1, pg. 52). At some point, she mentioned that she was tired and wanted to leave (Trial Tr. Vol. 1, pg 55). After knowing the defendant for about an hour, she left with him (Trial Tr., Vol. 1, pg 57). They ended up going to a parking lot and passed a few words. She stated that nothing sexual was talked about while driving (Trial Tr. Vol. 1, pages 57, 58). [Continued: See Attachment A].</u>

(b) If you did not exhaust your state remedies on Ground Two, explain why: **N/A**

(c) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes [ ]  No **[X]**

(2) If you did not raise this issue in your direct appeal, explain why: **Issue was raised on Post Conviction.**

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes **[X]**  No [ ]

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Post Conviction Petition**

Name and location of the court where the motion or petition was filed: <u>**Hamilton County Criminal Court at Knoxville, Tennessee.**</u>

Docket or case number (if you know): **284665**

Date of the court's decision: **October 10, 2014**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition? Yes **[X]**  No [ ]

(4) Did you appeal from the denial of your motion or petition?
Yes [X]   No [ ]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  Yes [X]   No [ ]

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>Court of Criminal Appeals in Knoxville</u>

Docket or case number (if you know): <u>E2014-02070-CCA-R3-PC</u>

Date of the court's decision: **September 3, 2015**

Result (attach a copy of the court's opinion or order, if available): <u>Denied</u>

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: **N/A**


GROUND THREE: <u>Trial Counsel was ineffective for failing to thoroughly impeach witnesses.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>Deborah Dennison was the first responding officer to the scene of the alleged crime. She stated soon as the defendant let Ms. Golden go, she came running towards her, hugging all over her. Ms. Golden appeared disheveled and upset. Her hair was very messed up and there was lots of mucous running and crying. It wasn't apparent immediately what was going on, so it took a while to get her to calm down before she could tell her what was going on. (Trial Tr., Vol. 1, pg. 90) [Continued on Attachment A]</u>


(b) If you did not exhaust your state remedies on Ground Three, explain why: **N/A**

(c) Direct Appeal of Ground Three:

   (1) If you appealed from the judgment of conviction, did you raise this issue?  Yes [ ]   No [X]

   (2) If you did not raise this issue in your direct appeal, explain why: **Issue was raised on Post-Conviction**

(d) Post-Conviction Proceedings:

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  Yes [X]   No [ ]

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: **Post-Conviction Petition**

   Name and location of the court where the motion or petition was filed: **Hamilton County Criminal Court at Knoxville, Tennessee**

   Docket or case number (if you know): **284665**
   Date of the court's decision: **October 10, 2014**
   Result (attach a copy of the court's opinion or order, if available): **Denied**

   (3) Did you receive a hearing on your motion or petition?  Yes [X]   No [ ]

   (4) Did you appeal from the denial of your motion or petition?  Yes [X]   No [ ]

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  Yes [X]   No [ ]

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: **Court of Criminal Appeals in Knoxville**

   Docket or case number (if you know): **E2014-02070-CCA-R3-PC**

   Date of the court's decision: **September 3, 2015**
   Result (attach a copy of the court's opinion or order, if available): **Denied**

   (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: **N/A**

GROUND FOUR: <u>In violation of U.S. Const. Am. 6, Defense Counsel at trial and on direct appeal was ineffective for failing to argue insufficiency of the evidence as it pertains to Petitioner's Aggravated Sexual Battery conviction.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>In this particular case, there was absolutely no evidence to prove the "sexual contact" or "sexual arousal or gratification" elements of Aggravated Sexual Battery.</u>

(b) If you did not exhaust your state remedies on Ground Three, explain why: <u>Post-Conviction Counsel failed to raise this issue during Petitioner's Post-Conviction hearing and during the Appeal of the Post conviction denial.</u>

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes [ ] No **[X]**

(2) If you did not raise this issue in your direct appeal, explain why: <u>Post-Conviction counsel failed to raise it on direct appeal.</u>

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [ ] No **[X]**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number (if you know): **N/A**
Date of the court's decision: **N/A**
Result (attach a copy of the court's opinion or order, if available): **N/A**
(3) Did you receive a hearing on your motion or petition? Yes [ ] No **[X]**

(4) Did you appeal from the denial of your motion or petition?
Yes [ ]   No [X]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  Yes [ ]   No [ ]   **N/A**

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **N/A**
Docket or case number (if you know): **N/A**
Date of the court's decision: **N/A**
Result (attach a copy of the court's opinion or order, if available): **N/A**
(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: **N/A**

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?
Yes [ ]   No [X]

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: <u>[See Grounds 4 - 7 on Attachment B]. Direct Appeal and Post-Conviction Counsel's ineffectiveness resulted in these issues being waived.</u>

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: <u>[See Grounds 4 - 7 on Attachment B]. Direct Appeal and Post Conviction counsel's ineffectiveness resulted in these issues being waived.</u>

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  Yes [ ]   No [X]

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. **N/A**

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes [ ] No [X]

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented
   you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing:
   (b) At arraignment and plea: **Brian L. O'Shaughnessy**
   (c) At trial: **Brian L. O'Shaughnessy**
   (d) At sentencing: **Brian L. O'Shaughnessy**
   (e) On appeal: **Brian L. O'Shaughnessy**
   (f) In any post-conviction proceeding: **Ray Scott, 6150 Shallowford Road, Suite 105, Chattanooga, TN 37421.**
   (g) On appeal from any ruling against you in a post-conviction proceeding: **Ray Scott, 6150 Shallowford Road, Suite 105, Chattanooga, TN 37421.**

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes [ ] No [X]

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future: **N/A**
   (b) Give the date the other sentence was imposed: **N/A**
   (c) Give the length of the other sentence:
   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes [ ] No [ ] **N/A**

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. $ 2244(d) does not bar your petition.* **N/A This Petition has been timely filed.**

Therefore, petitioner asks that the Court grant the following relief: **Immediate release from TDOC custody, and for this case to be remanded back to the trial court for further proceedings consistent with this Honorable Courts Holdings.**

or any other relief to which petitioner may be entitled.

Signature of Attorney (if any) _____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 4-25-16 (month, date, year).

Executed (signed) on 4-25-16 (date).

Signature of Petitioner: Kevin R. Lewis

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. $ 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.