UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

KEVIN R. LEWIS,                          )
                                         )
            Petitioner,                  )
                                         )
v.                                       )        No.:   3:16-CV-227-TAV-HBG
                                         )
TAMMY FORD,                              )
                                         )
            Respondent.                  )

## MEMORANDUM OPINION

This is a pro se prisoner's petition for a writ of habeas corpus under 28 U.S.C.

§ 2254 [Doc. 1]. Respondent filed an answer [Doc. 7] and the state record [Doc. 6], and

Petitioner replied [Doc. 10]. After reviewing the relevant filings and the state court record,

the Court finds that Petitioner is not entitled to relief under § 2254. Accordingly, no

evidentiary hearing is warranted, *see* Rules Governing § 2254 Cases, Rule 8(a); *Schirro v.

Landrigan*, 550 U.S. 465, 474 (2007), the petition [Doc. 1] will be **DENIED**, and this

action will be **DISMISSED**.

## I.      PROCEDURAL HISTORY

On February 3, 2010, a Hamilton County jury found Petitioner guilty of aggravated

assault, aggravated kidnapping, and aggravated sexual battery [State Court Record

Attachment 1]. These convictions arose out of an incident in November 2008 in which

Petitioner offered to drive a female home from a nightclub but instead stopped his car in a

parking lot, jerked the victim's head down by her ponytail, poked her with a knife, held

her down on the hood of the car, pulled her pants and underwear down, unbuckled and unzipped his own pants, and urinated on her. *State v. Lewis*, No. E2010-012670-CCA-R3-CD, 2011 WL 3243685, at *1 (Tenn. Crim. App. July 29, 2011), *perm. app. denied*, (Tenn. Oct. 27, 2011). Petitioner appealed his convictions and sentence to the Tennessee Court of Criminal Appeals ("TCCA"), which affirmed both. *Id.* at *4. On October 27, 2011, the Tennessee Supreme Court dismissed Petitioner's application for discretionary review as untimely [State Court Record Attachment 13].

Petitioner next filed a petition for post-conviction relief [State Court Record Attachment 16 p. 2–20, 29–37, 47–48]. On October 31, 2013, after an evidentiary hearing, the post-conviction court granted Petitioner a delayed appeal to the Supreme Court for discretionary review of the TCCA's affirmance of his conviction [*Id.* at 46], and on April 9, 2014, the Tennessee Supreme Court denied Petitioner's application [State Court Record Attachment 15].

Subsequently, on October 10, 2014, the post-conviction court granted Petitioner post-conviction relief for his claim that counsel was ineffective for not challenging the sufficiency of the evidence supporting his aggravated kidnapping charge and therefore vacated this conviction and dismissed this charge; the court denied Petitioner's other claims for post-conviction relief [State Court Record Attachment 16 p. 49–69]. The TCCA reversed the post-conviction court's dismissal of the aggravated kidnapping charge but

otherwise affirmed the post-conviction court's opinion. *Lewis v. State*, No. E2014-02070-CCA-R3-PC, 2015 WL 5175664 (Tenn. Crim. App. Sept. 3, 2015), *perm. app. denied*, (Tenn. Dec. 11, 2015).[1]

## II.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified in 28 U.S.C. § 2254, *et. seq*., a district court may not grant habeas corpus relief for a claim that a state court adjudicated on the merits unless the state court's adjudication of the claim:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1)–(2).  The § 2254(d) standard is demanding. *Montgomery v. Bobby*, 654 F.3d 668, 676 (6th Cir. 2011) (noting that "§ 2254(d), as amended by AEDPA, is a purposefully demanding standard . . . 'because it was meant to be'") (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)).  Where the record supports the state court's findings of fact, those findings are entitled to a presumption of correctness which a Petitioner may rebut only by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

---

[1] While the TCCA also remanded the case for further proceedings in accordance with that opinion, nothing in the state court record suggests that any further proceedings occurred.

## III.    ANALYSIS

Petitioner seeks relief under § 2254 based on the following claims that the Court

will address in turn:

(1)    the prosecution's display of his booking photographs to jurors during closing argument was reversible error;

(2)    the evidence was insufficient to support his conviction for aggravated sexual battery;

(3)    trial counsel was ineffective for failing to argue to the jury that the evidence was insufficient to support a conviction for aggravated sexual battery;

(4)    trial counsel was ineffective for failing to thoroughly impeach witnesses;

(5)    his counsel at trial and on appeal[2] was ineffective for failing to argue that the evidence was insufficient to support a conviction for aggravated sexual battery;[3] and

(6)    his counsel at trial and on appeal was ineffective for failing to argue that Petitioner's aggravated assault conviction violated double jeopardy [Doc. 1 p. 5–10; Doc. 1-1; Doc. 1-2].

### A.    Display of Booking Photographs

First, Petitioner seeks relief under § 2254 based on his assertion that "reversible

error" occurred in his trial when the prosecutor displayed Petitioner's booking

photographs, which were printed on the back of his notes, to the jury during his closing

---

[2] The same attorney represented Petitioner at trial and on direct appeal [State Court Record Attachment 2 p. 3; State Court Record Attachment 9].

[3] As Petitioner has separated this claim from his third claim, the Court liberally construes this claim to assert that the manner in which trial counsel argued that the evidence was insufficient to support a conviction for aggravated sexual battery in his motion for acquittal was ineffective, that trial counsel was ineffective for not filing a motion for new trial on this ground, and that appellate counsel should have asserted a claim on this ground in Petitioner's direct appeal.

argument [Doc. 1 p. 5; Doc. 1-1 p. 1; State Court Record Attachment 9 p. 5–6]. In Petitioner's appeal to the TCCA raising this claim, he relied on and cited Tennessee law but did not assert that the display of these photographs violated his federal constitutional rights [State Court Record Attachment 9].

First, to the extent Petitioner seeks relief for this claim on the ground that the TCCA improperly applied state law in affirming the trial court's holding that Petitioner was not entitled to relief based on this display, any such claim is not cognizable under § 2254. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-court questions.").

Further, even if the Court liberally construes the § 2254 petition to claim that this display violated Petitioner's constitutional rights, Petitioner procedurally defaulted any such claim. Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See Picard v. Connor*, 404 U.S. 270, 275–77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). "Federal courts lack jurisdiction to consider a habeas petition claim that was not fairly presented to the state courts." *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) (citing *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)).

To fairly present a claim, it is not enough that all the facts necessary to support a federal claim were before the state court or that a somewhat similar state law claim was made. *See Anderson*, 459 U.S. at 6; *Harris v. Rees*, 794 F.2d 1168, 1174 (6th Cir. 1986); *see also Duncan*, 513 U.S. at 366 (mere similarity of claims is insufficient to exhaust). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365–66. Further, a petitioner who fails to fairly raise his federal claim in the state courts and cannot sustain his claim in federal court due to a procedural rule has committed a procedural default. Procedural default forecloses federal habeas review unless the petitioner shows cause to excuse his failure to comply with the procedural rule and actual prejudice from the constitutional violation. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner did not fairly present a claim to the TCCA that the prosecutor violated his constitutional rights by displaying his booking photographs during his closing argument. As such, Petitioner procedurally defaulted this claim. While Petitioner has attempted to overcome his procedural default of other claims in his petition [Doc. 1 p. 11], he has not set forth any assertion of cause to excuse his default of this claim, nor has he shown that actual prejudice resulted from this display. Accordingly, the Court will not address the merits of this claim.

### B.  Sufficiency of the Evidence

Petitioner also alleges that the evidence was insufficient to support his conviction for aggravated sexual battery [Doc. 1-2 p. 4].  Petitioner did not raise this claim to the TCCA in his direct appeal of his conviction [State Court Record Attachment 9] or in his appeal of the denial of his post-conviction petition [State Court Record Attachment 20]. As such, Respondent asserts that Petitioner procedurally defaulted this claim [Doc. 7 p. 24].  Petitioner, however, asserts that his procedural default of this claim and others resulted from the ineffective assistance of his appellate and/or post-conviction counsel [Doc. 1-2 p. 4; Doc. 1 p. 11; Doc 10 p. 7].

First, as to Petitioner's allegation that he procedurally defaulted this sufficiency of the evidence claim due to the ineffective assistance of his appellate counsel, the Sixth Circuit has stated that "'[i]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court' will establish cause [to overcome procedural default]. . . . To constitute cause, that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 667–68 (6th Cir. 2005) (citing *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)).  In other words, a habeas petitioner cannot rely on a procedurally defaulted claim for ineffective assistance of counsel as cause to excuse his procedural default of another claim.  *Id.* at 668; *see also Williams v. Lazaroff*, 648 F. App'x 548, 552–54 (6th Cir. 2016) (holding that ineffective assistance of appellate counsel could not overcome default of other procedurally defaulted

claims because the petitioner had not fairly presented the claim for ineffective assistance of appellate counsel to the state court and that ineffective assistance of counsel claim was also procedurally defaulted).

The state court record establishes that Petitioner did not present any claim for ineffective assistance of appellate counsel arising out of appellate counsel's failure to bring a claim based on the sufficiency of the evidence. Accordingly, Petitioner procedurally defaulted this ineffective assistance of appellate counsel claim and cannot rely on it to establish cause and prejudice for procedural default of his sufficiency of the evidence claim.

Petitioner asserts that any procedural default of his claim for ineffective assistance of appellate counsel arising out of appellate counsel's failure to raise a sufficiency of the evidence claim in his direct appeal was due to the ineffectiveness of his post-conviction counsel. But an attorney's ineffective assistance in post-conviction proceedings generally does not establish "cause" to overcome procedural default of claims. *Coleman*, 501 U.S. at 755. There is, however, an exception: Where a § 2254 petitioner can raise a claim asserting trial counsel's ineffective assistance for the first time in a post-conviction petition, ineffective assistance of post-conviction counsel may be "cause" to excuse the procedural default of such a claim. *Wallace v. Sexton*, 570 F. App'x 443, 452–53 (6th Cir. 2014); *Trevino v. Thaler*, 133 S. Ct. 1911, 1918–21 (2013); *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012). This exception applies in Tennessee. *Sutton v. Carpenter*, 745 F.3d 787, 792–95 (6th Cir. 2014). The Supreme Court, however, specifically declined to extend this

exception, which it first set forth in *Martinez*, to excuse a habeas petitioner's procedural default of an ineffective assistance of appellate counsel allegedly due to the ineffective assistance of his post-conviction counsel. *Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017) (declining a habeas petitioner's request to extend the scope of *Martinez* to include substantial claims of ineffective assistance of direct appellate counsel where the habeas petitioner asserted that he did not raise his ineffective assistance of appellate counsel claim in his post-conviction proceedings due to the alleged ineffectiveness of post-conviction counsel).

Accordingly, Petitioner procedurally defaulted this claim and has not set forth cause or prejudice to excuse that default. As such, the Court will not address this claim on the merits.

### C.     Ineffective Assistance of Counsel

As set forth above, Petitioner also seeks relief under § 2254 based on various claims for ineffective assistance of counsel. The Sixth Amendment provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This includes the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the

Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687. Petitioner has the burden of proving ineffective assistance of counsel. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the *Strickland* test, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A party asserting an ineffective assistance of counsel claim must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

The second prong of the *Strickland* test requires a claimant to show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

The Supreme Court has emphasized that a claimant must establish both prongs of a claim for ineffective assistance of counsel to meet his burden, and if either prong is not satisfied, the claim must be rejected. *Id.* at 69. Moreover, a habeas petitioner alleging

ineffective assistance of counsel bears a heavy burden, given the "doubly deferential" review of a such a claim under § 2254(d)(1). *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Further, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable," but instead "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

### 1.    Aggravated Sexual Battery

First, Petitioner claims that trial counsel was ineffective for failing to argue that the evidence was insufficient to establish the required "sexual contact" element of his charge for aggravated sexual battery to the jury [Doc. 1 p. 7, 10; Doc. 1-1 p. 1–2; Doc. 2 p. 4]. Petitioner raised this claim to the TCCA in his appeal of the denial of his petition for post-conviction relief [State Court Record Attachment 20 p. 6–11]. The Court will summarize the relevant evidence introduced at trial regarding this claim, Petitioner's counsel's relevant testimony at the post-conviction hearing, and Petitioner's arguments in his post-conviction appeal before setting forth the TCCA's holding and the Court's analysis of this claim.

### a.    Evidence at Trial

At trial, the victim testified that while Petitioner was driving her home, he stopped in a parking lot and said something about sex before pulling her head down by her hair and poking her with something sharp, at which point she grabbed the keys from the ignition and used them to poke Petitioner [State Court Record Attachment 2 p. 44–45, 58]. The

victim and Petitioner ultimately ended up outside of the car, and Petitioner held the victim's head over the hood of the car, pulled down her underwear, and urinated on her while she screamed [State Court Record Attachment 2 p. 44–46]. The victim specifically testified that Petitioner was holding her head with one (1) hand while unbuttoning and pulling down her pants with his other hand [*Id.* at 60–61] and that she thought that Petitioner was going to rape her during this incident [*Id.* at 48]. Further, an officer testified that when she arrived on the scene and repeatedly ordered Petitioner to let the victim go, Petitioner did not comply, but instead kissed the victim on the neck and head [*Id.* at 90, 92–93]. This officer also testified that when police arrived at the scene, Petitioner's pants were unbuckled and unzipped [*Id.* at 101]. Another officer testified that the victim's pants and underwear were down [*Id.* at 109].

On cross-examination, Petitioner's counsel asked the two (2) officers who arrived at the scene whether they observed any sexual contact between Petitioner and the victim, and both officers denied seeing any such contact [*Id.* at 100, 103, 118]. Further, in his closing argument, Petitioner's counsel focused on the differences in the victim's account of what happened and the officers' accounts of what they observed, and specifically stated that if the jury did not believe the victim's statements and that the events occurred beyond a reasonable doubt, it should find Petitioner not guilty [State Court Record Attachment 3 p. 170–75].

### b. Counsel's Testimony at the Post-Conviction Hearing

At the post-conviction hearing, Petitioner's counsel testified that he had studied the relevant statutes defining the charges against Petitioner, the definitions of the terms therein, and case law applicable thereto [State Court Record Attachment 17 p. 10–14]. Petitioner's counsel also testified that the evidence that Petitioner had unbuckled and unzipped his pants during the incident was circumstantial evidence of sexual contact, as it was relevant to show that the purpose of the attack was sexual gratification [*Id.* at 60–61, 120]. Petitioner's counsel further stated that his strategy at trial was to highlight the inconsistencies in the victim's account of what had occurred [*Id.* at 108–09].

### c. Petitioner's Argument in his Post-Conviction Appeal

In his state court post-conviction appellate brief, Petitioner asserted that the evidence that Petitioner had pulled down the victim's underwear was insufficient to establish sexual contact under Tennessee law because no evidence established that Petitioner touched the victim's intimate parts or the clothing covering intimate parts [State Court Record Attachment 20 p. 8–11]. Trial counsel, Petitioner argued, was therefore ineffective for failing to raise this issue to the jury [*Id.*]. To support this claim, Petitioner relied on an unpublished 2006 Tennessee Court of Appeals case holding that a victim's testimony that the defendant pushed her down on the bed, covered her mouth with one (1) hand, and tried to unbutton her pants with the other hand while "touching her close to her private" was insufficient evidence to support a defendant's conviction for aggravated

sexual battery [State Court Record Attachment 20 p. 7 (citing *State v. Parker*, No. E2004-02374-CCA-R3-CD, 2006 WL 36910 (Tenn. Crim. App. Jan. 6, 2006))].[4]

### d.   TCCA holding

As to this claim, the TCCA held as follows:

> It is well-established that, in post-conviction proceedings, "we should defer to trial strategy or tactical choices if they are informed ones based upon adequate preparation." *Hellard v. State,* 629 S.W.2d 4, 9 (Tenn. 1982). Additionally, although "[t]he right to effective assistance of counsel extends to opening and closing arguments . . . counsel has wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions in his or her opening or closing argument is particularly important." *Torrez Talley v. State,* No. W2009–02036–CCA–R3–PC, 2011 WL 1770485, *4 (Tenn. Crim. App. May 9, 2011) (internal citations omitted). Trial counsel testified that he made a strategic decision to focus on discrepancies in witness testimony during closing argument, a strategy which he testified that the Petitioner agreed to. Trial counsel further testified that "[i]n the closing, [an attorney] has just a couple minutes to talk to the jury[,] . . . [and he] picked the themes that [he] thought were most important. . . ." In his closing argument, trial counsel pointed out discrepancies between testimony from the arresting officers and from the victim. Likewise, he reminded the jury that it could not convict the Petitioner without evidence that proved his guilt beyond a reasonable doubt.
>
> Trial counsel also testified that he thoroughly researched the offenses charged in the indictment and that he researched the definition of unlawful sexual contact. Trial counsel believed

---

[4] In its order denying Petitioner relief on this claim, the post-conviction court distinguished *Parker* from Petitioner's case by noting that in *Parker*, the defendant was unsuccessful in removing the victim's clothing and the victim's testimony was the only direct evidence of what occurred [State Court Record Attachment 16 p. 65].

that, based on the totality of the evidence presented, there was
ample evidence from which the jury could infer that unlawful
sexual contact occurred. The post-conviction court accredited
trial counsel's testimony in this respect. Although the
Petitioner may now believe that trial counsel should have
argued specifically that the element of sexual contact was not
proven during closing argument, we will not second-guess trial
counsel's reasonable, strategic decision to focus his closing
argument on another issue. *See Hellard*, 629 S.W.2d at 9. The
Petitioner has failed to prove that trial counsel's performance
was deficient, and his issue in this respect is without merit.

*Lewis v. State*, No. E2014-02070-CCA-R3-PC, 2015 WL 5175664, at *5–6 (Tenn. Crim.

App. Sept. 3, 2015), *perm. app. denied*, (Tenn. Dec. 11, 2015).

### e.    Analysis

In his reply, like in his state court appellate brief, Petitioner asserts that the evidence

that he pulled down the victim's underwear was insufficient to establish that he had "sexual

contact" with the victim under Tennessee law because "there was no proof of where

Petitioner grabbed the victim to accomplish this" [Doc. 10 p. 3]. Petitioner therefore argues

that there was no proof of sexual contact introduced at trial because under Tennessee law,

sexual contact requires touching of "intimate parts" [*Id.* at 3–4]. Petitioner further asserts

that the fact that the Tennessee General Assembly later added semen and vaginal fluid to

its definition of "intimate parts," but did not add urine, is additional evidence of his

counsel's failure to properly argue this claim [*Id.* at 3].

Tennessee law defines aggravated sexual battery as "unlawful sexual contact with a

victim by the defendant or the defendant by a victim" accompanied by force, coercion, or

other specified circumstances.  Tenn. Code Ann. § 39-13-504.  Tennessee law defines

sexual contact as:

> the intentional touching of the victim's, the defendant's, or any
> other person's intimate parts, or the intentional touching of the
> clothing covering the immediate area of the victim's, the
> defendant's, or any other person's intimate parts, if that
> intentional touching can be reasonably construed as being for
> the purpose of sexual arousal or gratification.

Tenn. Code Ann. § 39-13-501(6).  At the time of Petitioner's trial, Tennessee law defined

"intimate parts" as "the primary genital area, groin, inner thigh, buttock or breast of a

human being."  Tenn. Code Ann. § 39-13-501(2) (2005).[5]

While Petitioner correctly asserts that the prosecution did not introduce any direct

evidence of sexual contact, the prosecution did introduce circumstantial evidence that gave

rise to a logical inference of such contact, and this evidence was sufficient to support

Petitioner's conviction for aggravated sexual battery under Tennessee and federal law.

*State v. Thompson*, 519 S.W.2d 789, 792–93 (Tenn. 1975) (providing that circumstantial

evidence "gives rise to a logical inference" that a fact exists); *State v. Dorantes*, 331 S.W.3d

370, 379 (Tenn. 2011) (providing that "a criminal offense may be established exclusively

by circumstantial evidence" and that the jury must decide what weight to give such

evidence); *Durr v. Mitchell*, 487 F.3d 423, 449 (6th Cir. 2007) (holding that "circumstantial

evidence is entitled to equal weight as direct evidence").

---

[5] As Petitioner correctly noted in his reply, the Tennessee General Assembly subsequently
added semen and vaginal fluid to this definition.  Tenn. Code Ann. § 39-13-501(2) (2013).

Specifically, a reasonable juror could have inferred that Petitioner touched the victim's clothing covering her primary genital area, buttock, inner thigh, or groin based on the victim's testimony that Petitioner held her head with one (1) hand while successfully unbuttoning her pants and pulling down her pants and underwear with his other hand.[6] Further, a reasonable juror could have logically concluded that Petitioner pulled down the victim's pants and underwear for the purpose of sexual arousal or gratification based on evidence that Petitioner made a comment about sex when he stopped the car, the victim thought that Petitioner was going to rape her during the confrontation, Petitioner unbuckled and unzipped his pants, Petitioner pulled down the victim's pants and underwear, and Petitioner behaved intimately towards the victim after police arrived.[7]

Accordingly, based on the evidence introduced at trial and the applicable law, counsel's decisions to focus on the weakness of the evidence of sexual contact by having the officers admit that they did not see any such contact in his cross-examination of them and to focus on the inconsistencies in the victim's account of the incident in his closing argument were both sound trial strategy. As such, Petitioner has not met his burden to

---

[6] The Court agrees with the post-conviction court that, while relevant, the *Parker* case is distinguishable from Petitioner's case, as the defendant in *Parker* was unsuccessful in his attempt to unbutton the victim's pants. *State v. Parker*, No. E2004-02374-CCA-R3-CD, 2006 WL 36910, at *4 (Tenn. Crim. App. Jan. 6, 2006).

[7] Specifically, as set forth above, an officer who arrived at the scene testified that she repeatedly ordered Petitioner to let the victim go, but Petitioner did not comply and instead kissed the victim on the neck and head [State Court Record Attachment 2 p. 90]. While the victim testified that Petitioner never kissed her [*Id.* at 62–63], the officer's testimony regarding Petitioner's behavior after police arrived is relevant to establish that the confrontation between Petitioner and the victim appeared to be intimate, if not sexual, in nature, rather than aggressive or angry, as Petitioner claims in his reply [Doc. 10 p. 6].

establish that the TCCA's finding that he was not entitled to relief for this claim was an unreasonable application of federal law or an unreasonable determination of the facts in light of the evidence presented. Petitioner is therefore not entitled to relief under § 2254 for this claim.

### 2. Impeachment of Witnesses

Petitioner also asserts that counsel was ineffective for not impeaching witnesses [Doc. 1 p. 8–9; Doc. 1-1 p. 3]. Petitioner does not set forth specific factual allegations in support of this claim in his § 2254 petition or the attachments thereto. Rather, he states that this claim "was raised on post-conviction" and sets forth summaries of certain trial testimony of Officers Dennison and Romero [*Id.*]. While Petitioner raised a claim for ineffective assistance of trial counsel arising out of counsel's failure to impeach these officers in his amended petition for post-conviction relief [State Court Attachment 16 p. 30–33], he did not do so in his appeal of the denial of his post-conviction petition [State Court Record Attachment 20]. Rather, in his state court post-conviction appellate brief, Petitioner asserted that trial counsel was ineffective for not cross-examining the victim about (1) her prior statements from the second preliminary hearing that nothing sexual had occurred between Petitioner and (2) whether she was bleeding after the incident, an issue on which there was conflicting testimony [State Court Record Attachment 20 p. 11–12].

As it is apparent from Petitioner's evidentiary summaries in support of this claim that Petitioner seeks relief under § 2254 based on trial counsel's failure to impeach Officers Dennison and Romero and because Petitioner did not raise this claim to the TCCA in his

appeal of the denial of his petition for post-conviction relief, Petitioner procedurally defaulted this claim. Further, to the extent that Petitioner asserts that the ineffective assistance of his post-conviction counsel in failing to bring this claim in his appeal to the TCCA in his appeal excuses his default of this claim under *Martinez*, he is incorrect. Where a habeas petitioner alleges ineffective assistance of post-conviction counsel to establish cause to excuse his default of an ineffective assistance of trial counsel claim and the ineffective assistance of post-conviction counsel occurred only on his appeal of the denial of his post-conviction petition, the *Martinez* exception does not apply, because the appeal was not the first time the petitioner could have raised the claim. *Wallace v. Sexton*, 570 F. App'x 443, 453 (6th Cir. 2014). Accordingly, the Court will not address the merits of this claim.

### 3. Sufficiency of the Evidence

Petitioner next argues that his counsel at trial and in his direct appeal was ineffective for failing to argue that the evidence was insufficient to establish the elements of "sexual contact" and "sexual arousal or gratification" as required to support his conviction for sexual battery [Doc. 1 p. 10–11]. Because Petitioner also set forth a separate claim that trial counsel should have argued to the jury that the evidence in support of this charge was insufficient to support a conviction, a claim which the Court addressed above, the Court liberally construes this claim to assert that the manner in which trial counsel argued that the evidence was insufficient to support a conviction for aggravated sexual battery in his motion for acquittal was ineffective, that trial counsel was ineffective for not filing a

motion for new trial on this ground, and that appellate counsel should have asserted a claim on this ground in Petitioner's direct appeal.[8] Petitioner, however, did not raise any claims in his appeals to the TCCA regarding trial counsel's failure to raise an insufficiency of the evidence argument to the trial court or appellate counsel's failure to raise this claim in his appeal.

First, to the extent that Petitioner properly alleges that the ineffective assistance of his post-conviction counsel may excuse his procedural default of his claim that trial counsel was ineffective for failing to argue that the evidence was insufficient to support his conviction for sexual battery to the trial court (rather than the jury, which is the claim that the Court addressed above) under *Martinez*, Petitioner cannot, as he must to overcome procedural default, establish that any prejudice resulted from trial counsel's decision not to make this argument. *Coleman*, 501 U.S. at 750. To the contrary, the Court found above that the evidence introduced at trial was sufficient to allow a reasonable juror to find that Petitioner had sexual contact with the victim in a manner that could be reasonably construed as being for the purpose of sexual arousal or gratification and therefore committed sexual battery. Trial counsel cannot be faulted for failing to make a meritless claim. *O'Hara v. Brigano*, 499 F.3d 492, 506 (6th Cir. 2007). Accordingly, Petitioner is not entitled to relief under §2254 for this claim.

---

[8] After the prosecution rested its case, counsel made a general motion for acquittal on the ground that the prosecution had failed to prove that Petitioner had committed the crimes alleged beyond a reasonable doubt, which the trial court overruled [State Court Record Attachment 2 p. 123–26]. It does not appear that counsel filed a motion for new trial.

The record also establishes that Petitioner procedurally defaulted any claim for ineffective assistance of appellate counsel based on appellate counsel's failure to bring a claim asserting that the evidence was insufficient to support Petitioner's aggravated sexual battery conviction; Petitioner therefore cannot rely on any such claim to excuse his procedural default of this claim. *Burroughs v. Makowski*, 411 F.3d 665, 667–68 (6th Cir. 2005).

Again, to the extent that Petitioner asserts that the ineffective assistance of his post-conviction counsel excuses his procedural default of his claim for ineffective assistance of appellate counsel based on appellate counsel's failure to assert this sufficiency of the evidence claim [Doc. 1 p. 11] under *Martinez*, he is incorrect. The Supreme Court specifically declined to extend *Martinez* to excuse a habeas petitioner's procedural default of a claim for ineffectiveness of appellate counsel due to the alleged ineffectiveness of his post-conviction counsel. *Davila*, 137 S. Ct. at 2067. As such, the Court will not address the merits of this claim.

### 4. Double Jeopardy

Petitioner next claims that his counsel at trial and on appeal was ineffective for failing to assert that Petitioner's aggravated assault conviction violated his constitutional rights by subjecting him to double jeopardy because it was based on "the same elements" as his conviction for aggravated sexual battery [Doc. 1-2 p. 1]. Petitioner did not raise this claim to the TCCA in his direct appeal or in the appeal of the denial of his petition for post-conviction relief. Petitioner, however, asserts that his procedural default of this claim was

due to the ineffective assistance of his appellate and/or post-conviction counsel [*Id.*; Doc. 1 p. 11].

Petitioner correctly asserts that, under *Martinez*, the ineffective assistance of his post-conviction counsel may excuse his procedural default of his claim that trial counsel was ineffective for failing to argue that his aggravated assault charge violated his Fifth Amendment right against double jeopardy.[9] Petitioner is not entitled to relief for this claim under § 2254, however, as an attorney is not deficient for failing to assert a claim that has no merit. *Brigano*, 499 F.3d at 506.

The Double Jeopardy clause of the Fifth Amendment, which applies to the states through the Fourteenth Amendment, provides that a person may not "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amends. V, XIV. In determining whether two (2) prosecutions under different statutes may violate this right, Tennessee courts apply the "same-elements test," also referred to as the "*Blockburger* test." *State v. Feaster*, 466 S.W.3d 80, 85 n.2 (Tenn. 2015); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Under this test, if each statutory offense contains an element that the other does not, the offenses are not the "same offense" and an individual may be convicted under both statutes without violation of his Fifth Amendment right to be free

---

[9] To the extent that Petitioner asserts that his counsel erred in not raising this claim in his direct appeal, Petitioner procedurally defaulted this claim by not raising it to the TCCA and has not set forth cause and prejudice to excuse that default. *Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017). Regardless, any such claim would likewise be without merit for the same reasons Petitioner's claim for ineffective assistance of trial counsel based on trial counsel's failure to raise a double jeopardy claim is without merit.

from double jeopardy. *Palazzolo v. Gorcyca*, 244 F.3d 512, 519 (6th Cir. 2001). In other words, a second conviction under a different statute violates double jeopardy only where every violation of one (1) statute amounts to a violation of another criminal statute. *Murr v. United States*, 200 F.3d 895, 901 (6th Cir. 2000). Under the *Blockburger* test, the court must examine the proof necessary to establish the statutory elements of each offense, not the specific evidence or arguments presented at trial. *Illinois v. Vitale*, 447 U.S. 410, 416 (1980); *Pryor v. Rose*, 724 F.2d 525, 529 (6th Cir. 1984).

In this case, Petitioner was indicted for and convicted of aggravated assault in violation of Tenn. Code Ann. § 39-13-102 based on allegations that he "unlawfully, intentionally or unknowingly caused [the victim] to reasonably fear imminent bodily injury by use of a deadly weapon" [State Court Record Attachment 1 p. 3–4; State Court Record Attachment 3 p. 192]. Petitioner was also indicted for and convicted of aggravated sexual battery in violation of Tenn. Code Ann. § 39-13-504 based on allegations that he unlawfully and intentionally had sexual contact with the victim with force or coercion while armed with a weapon or an article fashioned in a manner that led the victim to reasonably believe that it was a weapon [State Court Record Attachment 1 p. 1–2; State Court Record Attachment 3 p. 191–92].

Accordingly, the record establishes that Petitioner's charges for aggravated assault and aggravated sexual battery were not based on the "same elements" and therefore are not the same offense. Rather, Petitioner's aggravated assault charge was based on the allegation that Petitioner put the victim in fear of bodily injury with a knife, while his

aggravated sexual battery charge was based on the allegation that Petitioner had unlawful sexual contact with the victim. Moreover, it is apparent that an individual can commit aggravated sexual battery in violation of Tenn. Code Ann. § 39-13-504 by intentionally having unlawful sexual contact with a victim while armed with a weapon without committing aggravated assault in violation of Tenn. Code Ann. § 39-13-102 by "unlawfully, intentionally or unknowingly caus[ing] [the victim] to reasonably fear imminent bodily injury by use of a deadly weapon," and vice versa.[10] Accordingly, Petitioner's convictions for both of these crimes did not violate Petitioner's Fifth Amendment right to be free from double jeopardy, and Petitioner's counsel was not deficient for failing to make this argument.

As such, Petitioner is not entitled to relief under § 2254 for this claim.

## IV. CONCLUSION

For the reasons set forth above, Petitioner is not entitled to relief under § 2254, the petition for a writ of habeas corpus [Doc. 1] will be **DENIED**, and this action will be **DISMISSED**.

---

[10] The Court, however, is unable to conceive of likely factual scenarios in which a defendant may commit aggravated sexual battery in violation of Tenn. Code Ann. § 39-13-504 without also committing aggravated assault under Tenn. Code Ann. §§ 39-13-101(a)(3) and 102. Regardless, because Petitioner was indicted for and convicted under Tenn. Code Ann. §§ 39-13-101(a)(2), which sets forth criteria for an assault/aggravated assault charge that is distinguishable from the aggravated sexual battery statute under the *Blockburger* test, Petitioner's counsel was not deficient for not arguing that Petitioner's convictions under § 39-13-102 violated double jeopardy.

## V.     CERTIFICATE OF APPEALABILITY

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal.  Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Where the court dismissed a claim on the merits but reasonable jurists could conclude the issues raised are adequate to deserve further review, the petitioner has made a substantial showing of the denial of a constitutional right.  *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003); *Slack*, 529 U.S. at 484.

After reviewing each of Petitioner's claims, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right as to any claims.  Specifically, as to the procedurally defaulted claims, jurists of reason would not debate the Court's finding that Petitioner did not fairly present these claims to the TCCA in a manner that rendered consideration of their merits likely and that the claims are therefore procedurally defaulted.  Further, as to the ineffective assistance of counsel claims that the Court addressed on the merits above, Petitioner has not made a substantial showing that he

is in custody in violation his constitutional rights. Accordingly, a **COA SHALL NOT ISSUE.** Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

   **AN APPROPRIATE ORDER WILL ENTER.**

   **ENTER:**


                           s/ Thomas A. Varlan
                           UNITED STATES DISTRICT JUDGE